**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RICKY WAYNE TOLBERT, JR., | ) | |
| ID # 32656-177, | ) | |
| Movant, | ) | No. 3:16-CV-1966-G (BH) |
| vs. | ) | No. 3:04-CR-0278-P |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the movant's *Combined Petitions for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Prohibition, Coram Nobis or Coram Vobis, for Bail on Petitioners Own Recognizance with Celerity – Without Surety – or for Any Other Extraordinary Relief for Which Petitioner May Be Entitled as a Matter or Right and Law*, received on July 6, 2016. (*See* doc. 3.) Based on the relevant findings and applicable law, the petition should be construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence and transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Ricky Wayne Tolbert, Jr. (Movant), pled guilty to ten counts of bank robbery and one count of using, carrying, and brandishing a firearm during or in relation to a crime of violence. By judgment dated March 23, 2005, he was sentenced to 120 months' imprisonment for counts 1 and 3-11, to run concurrently, and 84 months' imprisonment for count two, to run consecutively to the 120 months' imprisonment, for a total sentence of 204 months' imprisonment. (*See* 3:04-CR-278-P, doc. 26.) The court assessed a $1,100 special assessment. (*See id.*) He did not appeal.

Movant filed a motion for back-time credit on January 23, 2014, which was construed as a habeas corpus petition pursuant to 28 U.S.C. § 2241 and dismissed for lack of jurisdiction on March 7, 2014. (*See* 3:14-CV-866-P, doc. 3.) He filed a motion for credit for time served on March 11, 2014, which was also construed as a § 2241 habeas petition and dismissed for lack of jurisdiction on April 1, 2014. (*See* 3:14-CV-1138-P, doc. 3.) He filed a motion to vacate under 28 U.S.C. § 2255 on May 7, 2014, which was dismissed on September 17, 2014, as barred by the statute of limitations. (*See* 3:14-CV-1690-P, doc. 7.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

**A.** *Coram Nobis*

A writ of error *coram nobis* is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and therefore unable to pursue direct review or seek collateral relief by filing a petition for writ of habeas corpus. *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). Movant is still in custody, so this Court lacks jurisdiction to grant *coram nobis* relief. *United States v. Uridales Garcia*, 442 F. App'x 935 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).

2

**B.** *Audita Querela*

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). *See also United States v. Miller,* 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition."). As noted in *Banda,* however, "[i]t is an open question whether the . . . writ survives as a post-conviction remedy." *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 489 ("the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill."). Assuming the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 489. "Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id.* In addition, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.*

Movant raises grounds under *Johnson v. United States*, 135 S. Ct. 2551 (2015). To the extent that *Johnson* may provide a defense that was unavailable when the judgment was entered, Movant may seek redress by seeking authorization to file a successive § 2255 motion. *United States v. Banda*, 1 F.3d at 356. His other grounds are not based on a legal defense that became available after the judgment was entered. *See, e.g., United States v. Harris*, 310 F. App'x 705, 706 (5th Cir. 2009) (a claim that fines should have been concurrent arose at the time of the judgment and cannot be raised in *audita querela*). The writ of *audita querela* is not available to Movant.

**C. Mandamus/Prohibition**

Because a § 2255 motion is the means for challenging a federal conviction and sentence,

3

Movant is not entitled to pursue mandamus or prohibition relief. *See Tolliver v. Dobre*, 211 F.3d at 878; *see also United States v. Jefferson*, 95 F. App'x 544, 545 (5th Cir. 2004) (challenge to federal conviction and sentence is done by a § 2255 motion, and not by a mandamus action).

### D. **Petition Construed as Successive § 2255 Motion to Vacate**

Because Movant challenges the legality of his conviction and sentence and seeks to be released from custody, the petition is properly construed as a § 2255 motion to vacate federal sentence. *See Tolliver v. Dobre,* 211 F. 3d 876, 877-78 (5th Cir. 2000) (§ 2255 provides the primary means of collaterally attacking a federal conviction and sentence and relief is reserved for errors that occurred at trial or sentencing).

Movant previously filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in his prior motion to vacate. Because he now raises claims that he could have raised in his first motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303 F. App'x 241 (5th Cir.

Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion); *see also In re Williams*, 806 F.3d 322 (5th Cir. 2015) (Fifth Circuit analyzed under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2) a motion for authorization to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider his second § 2255 motion.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 8th day of July, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE